State *vs.* Milburn, *et al.*—1850.

STATE OF MARYLAND *vs.* ALEXANDER MILBURN AND OTHERS.
*June* 1850.

To an action or a collector's bond, the defendants pleaded in bar, four pleas, upon three of which, the plaintiff joined issue, but demurred to the *second.*

State *vs.* Milburn, *et al.*—1850.

This demurrer the court sustained. The cause was then tried on the issues joined on the other pleas, and the verdict and judgment were for defendants, and the plaintiff appealed. No appeal was taken by defendants from the judgment of the court sustaining the plaintiff's demurrer to the plea. HELD : that the correctness of the opinion of the court as to the validity of the second plea, is not open for examination on this appeal by the plaintiff.

A prayer, that if the jury find certain enumerated facts, "then the plaintiff is not entitled to recover," is based, not on the pleadings, but on the proof, and in granting the instruction, the court are to be considered as placing their opinion, not on the structure of the pleadings, but on the broad ground that if the jury find the facts as stated, the plaintiff cannot main-tain his action.

The 52nd sec. of the act of 1841, ch. 23, does not prohibit the levying of the State tax at any other period than that at which the county tax was im-posed. This section is imperative only so far as to prohibit the levy of the county tax, unless the State assessment be first provided for, and this may be done either before or at the time of the levy of the county tax,

The 15th section of the act of 1843, ch. 208, is applicable only to the mode in which the State and county taxes are to be collected, and in this respect alone, repeals the 52nd section of the act of 1841, ch. 23.

Under the act of 1841, ch. 23, as it now stands, an assessment by the local tribunals for county or city purposes, is unauthorised and void, unless be-fore or at the time of levying the county tax, a tax for the State be laid, as required by the acts of Assembly, applicable to the subject.

APPEAL from *Saint Mary's* county court.

This was an action of *debt*, instituted by the State upon the bond of *Alexander Milburn*, with the other appellees as his sure-ties, as the collector of the State tax in *Saint Mary's* county, for the year 1845. The bond is dated 26th of April, 1845. At the trial, but one exception was taken, which, with the pleadings in the case, is set out in full in the opinion of this court. Judgment was rendered for the defendants, and the plaintiff appealed.

The cause was argued before DORSEY, C. J., MAGRUDER, MARTIN and FRICK, J.

RICHARDSON, Attorney General, and HILLOWAY for the State, contended:

First. That the commissioners of *St. Mary's* county had the legal power and authority on the 6th of May, 1845, to appoint a collector of State tax for said year; that the act of 1841, ch. 23, and its supplements, so far as they relate to the appointment of collectors, delegated a *general power* to said commissioners; and that said acts, so far as they relate to the *time* of the appointment of collectors, are directory, not imperative.

Second. That said commissioners were not *required* by law, at the time they met for the purpose of imposing a tax for the use of said county—to impose an assessment or tax for the use of the State;—because there was no time fixed by law, at which said county tax was to be levied. And further, because the intention of the legislature, as expressed in the 52nd sec. of the act of 1841, ch. 23, in directing that the State and county tax should be imposed at the same time, was, as directed by said section, that the said State and county tax should be collected at the same time, and by the collector appointed to collect the county tax; and under the same bond; that the collection of said State and county tax being afterwards severed by the 15th sec. of the act of 1845, ch. 208, the levying of the State tax any time by said commissioners, was legal. That the said act of 1841, ch. 23, and its supplements, so far as they relate to the duty of said commissioners to impose a tax for the use of the State, are imperative; but so far as said acts relate to the time they are to be imposed, they are *directory.*

Third. That therefore, the third and additional pleas of the appellees, by them pleaded, are bad in substance;—and therefore no defence to this action, and that the issues in fact joined thereon, are wholly *immaterial* issues, and that the court in instructing the jury that the facts offered in evidence, if they believe them, were a defence to the action, erred in point of law.

Fourth. That the appellant is entitled in this action to a judgment *non obstante veredicto.*

MEREDITH and CAUSIN, for the appellees, insisted that there was no error in the instructions of the court excepted to.

State *vs.* Milburn, *et al.*—1850.

1st. Because the evidence contained therein was admitted without objection on the part of the State, and was pertinent to the issue joined on the 4th plea.

2nd. Because the State having elected to take issue, and not to demur to the said plea, admitted thereby, that the matter of said plea, was matter in bar of the action, if true, and the instruction, leaving it to the jury to find the facts, conformed to the rights of the jury and the duty of the court; and that since the act of 1825, ch. 117, the Court of Appeals is confined to the very point presented to the court below under the pleadings and evidence, which in this case, as the appellees conceive, was the legal sufficiency of the evidence to sustain the issues joined on the 4th plea.

3rd. Because the facts being admitted on the exception, the commissioners of *St. Mary's* county made no legal levy of State tax for the year 1845, under the act of 1841, ch. 23, sec. 52, inasmuch as the levy pretended to be made, was not made, at the time of meeting to levy the county tax, as required by the said act.

4th. That if judgment should be reversed, no *procedendo* should issue, because the matters stated on the 2nd plea furnish a complete bar to the action on the bond.

MARTIN J., delivered the opinion of this court.

In this case an action was instituted in *Saint Mary's* county court, upon the bond of *Alexander Milburn,* given by him and his sureties, for the faithful performance of his duty as the collector of the State tax in that county, for the year 1845. To this bond the defendants pleaded, in bar of the plaintiff's right to recover, four pleas.

1st. Performance by *Alexander Milburn* of the conditions of the bond.

2nd. That the said *Alexander Milburn* was appointed collector for the State tax, by the commissioners of *Saint Mary's* county, on the 6th of May 1845; and that, on the same day, the said commissioners received and approved of the said bond, and not before; and that on the 6th of May 1845, the said com-

missioners had no legal power or authority to appoint the said collector.

3rd. That the said commissioners failed and omitted to make a legal levy of the State tax, for the year 1845.

4th. That the said commissioners did not, at the time of meeting for the purpose of levying taxes for the use of the said county, for the year 1845, impose an assessment or tax for the use of the State, as by law they were required to do.

To the *first third* and *fourth* pleas, the plaintiff replied, by way of traverse, and entered a general demurrer to the *second plea,* in which the defendants joined. Upon this demurrer judgment was rendered by the court in favor of the plaintiff. No appeal was taken by the defendants from this judgment of the court, and the correctness of the opinion of the court, with respect to the validity of the second plea, is therefore not open for examination on this appeal. The case was tried before the jury upon the issues joined, upon the first, third and fourth pleas. We find in the bill of exception the following state ment. "The plaintiff to support the issues upon her part joined, read to the jury, for the purpose of proving the time of levy of the State tax for 1845, the minutes of proceedings of the commissioners of *Saint Mary's* county, of May 6th 1845, the witness, *George Spalding,* having proved that he made the said minutes as clerk of the commissioners, and regarded them as the proceedings of the court. The defendants then, to support the issues upon their part joined, proved by the witness, *Spalding,* that the said commissioners met for the purpose of levying the State tax for *Saint Mary's* county, on the 5th of May 1845, and for no other purpose; and by the said witness, and by the minutes before mentioned, that they did on the 6th of May 1845, levy the tax for the use of the State, for the year 1845; and did order the tax list to be delivered to *Alexander Milburn,* a collector, which was done; they further proved by the said *George J. Spalding,* that the said commissioners did not assemble or meet for the purpose of levying the taxes for the use of *Saint Mary's* county, for the year 1845, until the fourth of August 1845, as had been the constant prac-

tice, when they met at *Leonardtown*, for the first time, for that purpose, and on that day completed and made the levy of tax for county purposes, upon the assessment of taxable property in the said county, corrected up to that day; they further proved by the tax books, and by the said *Spalding*, that the basis of State taxation and county taxation was different for that year, in consequence of changes of property between the said 6th of May and the said 4th of August 1845."

It appears from the record, that at this stage of the cause, and in this condition of the evidence, the defendants prayed the court to instruct the jury, that if they found these facts as stated, then the plaintiff was not entitled to recover. This prayer was granted, and the plaintiff excepted. The prayer and the instruction are of the most general character; based, not on the pleadings, but upon the proof; and in granting the instruction, the court are to be considered as placing their opinion, not upon the structure of the pleadings, but on the broad ground, that if the jury found the facts as stated in the testimony, that the levy of the State and county tax was made at different periods, that the tax in question was illegally imposed, and that consequently there had been no such violation of the collector's bond as would authorise this action. The cases of *Leopard vs. The Chesapeake and Ohio Canal Company*, 1st *Gill*, 222; and *Stockton vs. Frey*, 4 *Gill*, 406; are conclusive upon this point of practice. And the single question presented by the record, for the revision of this court, is that which relates to the ruling of the court below, with reference to the legality of this assessment, an exceedingly narrow and limited question, depending entirely upon the true construction of the 52nd section of the act of Assembly, 1841, ch. 23.

The 52nd section of the act of 1841, ch. 23, declares: "That it shall be the duty of the levy courts or commissioners of the several counties, and of *Howard* district, and of the mayor and city council of *Baltimore*, at the time of meeting for the purpose of laying taxes for the use of their respective counties, district, or city, in the year eighteen hundred and forty-two, and annually thereafter, to impose an assessment or

tax for the use of the State, of twenty cents, or one-fifth of one *per centum* on every dollar's worth of assessable property within their respective jurisdictions, according to the corrected value thereof, with a commission thereon, at the rates hereinbefore provided, for the use of the collector or collectors; which said assessment shall be collected by the collector or collectors, appointed for the collection of the taxes imposed for the use of the said counties, district and city, respectively, and at the same time and in the same manner." And the counsel for the appellees have contended, that this section of the act of 1841, is to be considered as imperative in its character, and prohibited the commissioners from levying the State tax, at any other period than at the meeting at which the tax was imposed for the purposes of the county. This construction of the act of Assembly, we think, cannot be maintained. The act was passed to provide a tax to pay the debts of the State. The levy courts or county commissioners were selected by the State as her agents to impose this tax, although the State had certainly no immediate or direct interest in the imposition of the local assessments. The object to be accomplished was the execution of this revenue law, upon the successful operation of which depended the ability of the State to pay her debts, to comply with her engagements, and to preserve, unimpaired and unsullied, the public faith and credit. And it is very apparent, we think, from the various clauses in this act, as well as the acts of 1842, ch. 269, and 1843, ch. 208, referred to by the counsel for the appellant, as illustrative of the intention of the legislature, from the peculiar circumstances, under the influence of which this revenue statute was produced, and from the history of the times in which it was passed, that the particular provision under consideration, was introduced as a means of securing the *certain* imposition of the State assessment, by making the county assessment dependent upon it, and by prohibiting the local authorities from laying a tax for county purposes, except upon the condition that they performed their duty to the State, by imposing the State tax as required by the act of 1841. In this sense, and to this extent, the provision in question is to

be treated as imperative. But the object to be attained was the levy of the State assessment. If this was done, either before or at the time of meeting for the imposition of the local tax, the purpose of the Legislature was accomplished; and with the condition that the county tax was not to be imposed, unless the State assessment was provided for, the time at which the State assessment might be laid, was committed to the discretion of the levy courts, or the commissioners designated as the agents by whom the tax was to be levied. It is also proper to announce, that we consider the 15th section of the act of 1843, ch. 208, as applicable only to the mode in which the State and county taxes are to be collected; and that in this respect alone is the 52nd section of the act of 1841, ch. 23, repealed by the 15th section of the act of 1843. And that as the law stood under the act of 1841, ch. 23, and as it now stands, an assessment by the local tribunals for the county or city purposes, would be treated as unauthorised and void, unless before, or at the time of levying the county tax, a tax for the State was laid, as required by the acts of Assembly applicable to this subject.

It follows from the views we have thus expressed, that there was error in the ruling of the court below, and that the judgment must be reversed. The construction we have placed upon the 52nd section of the act of 1841, has rendered it unnecessary to examine many of the points raised by the counsel in the argument of this cause, and discussed by them with great ability.

JUDGMENT REVERSED AND PROCEDENDO.